# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDDIE L. ANDREWS, ET AL.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 07-CV-0242-CVE-PJC |
| | ) |
| **JEROME A. HOLMES, ET AL.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiffs Eddie L. Andrews, et al. filed a complaint in this action ("Andrews III")[1] on April 27, 2007. In Andrews II, the Court granted the motions to dismiss and sua sponte dismissed all of plaintiffs' claims against the remaining defendants. See Andrews II, Dkt. # 71. Likewise, Judge Kern dismissed all of the plaintiffs' claims against the defendants in Andrews I. See Andrews I, Dkt. # 122. Although this case was filed only a few weeks ago and there are no pending motions, the Court finds it appropriate to sua sponte dismiss plaintiffs' complaint for the same reasons that it dismissed the plaintiffs' complaint in Andrews II. Because the complaint in Andrews III is so similar to that in Andrews II and so clearly fails to state a claim upon which relief can be granted, the Court need not wait for some or all of the defendants to file motions to dismiss. By dismissing this action now, the Court conserves judicial resources and avoids the waste of defendants' resources in defending this frivolous suit.

---

[1] In Case No. 07-CV-0200-CVE-FHM, Dkt. # 71, the Court referred to Case No. 06-CV-0460-TCK-PJC as "Andrews I," Case No. 07-CV-0200-CVE-FHM as "Andrews II," and this case as "Andrews III." The Court will use the same terminology in this Order.

dockets.Justia.com

**I.**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

While the Court construes a pro se litigant's complaint liberally, Haines v. Kerner, 404 U.S. 519, 596 (1972), it is not required "to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may dismiss sua sponte a complaint for failure to state a claim. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997); McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991). Sua sponte dismissal is appropriate only where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." McKinney, 925 F.2d at 365.

**II.**

The complaint in this case is very similar to that in Andrews II. Here, as in Andrews II, under a section entitled "Theory of the Case," plaintiffs recite the case history of Andrews I and quote at length portions of Judge Kern's order dismissing their claims. Then, in the section entitled

2

"Cause of Action," plaintiffs state that each of the named defendants "uttered false documents and obstructed justice . . . by blocking lawful process and depriving Eddie L. Andrews et al. of money in a sum in excess of one million dollars." Andrews III, Dkt. # 2, at 31-39. They allege that each of the defendants "acted in conspiracy" with the other defendants, "all violating 18 U.S.C. § 371." Id. Although plaintiffs cite to the "False Claims Act Pursuant to Oklahoma qui tam provisions @ 62 O.S. 1991 **372 and 373 [sic]" and "60 O.S.175.57 [sic]" early in the complaint, id. at 15, the remainder of the complaint does not appear to focus on these statutes.

For the same reasons that the Court explained in Andrews II, Dkt. # 71, the Court sua sponte dismisses the complaint in this case. The Court hereby incorporates in full the legal findings in Andrews II, Dkt. # 71. Specifically, the Court finds that: (1) the Court cannot "reverse" the October 24, 2006 opinion and order of Judge Kern in Andrews I or otherwise affect the proceedings in that action; (2) the judicial defendants are entitled to absolute immunity; (3) plaintiffs have not conformed to the heightened pleading standard with respect to their RICO claims; (4) there is no private right of action to bring a claim under federal criminal statutes; and (5) plaintiffs' complaint does not come close to conforming to the requirements of Fed. R. Civ. P. 8(a). As in Andrews II, the Court finds that it is patently obvious that plaintiffs cannot prevail on the facts alleged; therefore sua sponte dismissal is appropriate.

Plaintiff Eddie L. Andrews is further advised that the Court has imposed filing restrictions on him. See Andrews II, Dkt. # 71, at 7-11.

**IT IS THEREFORE ORDERED** that the Court hereby **sua sponte dismisses all of plaintiffs' claims against the defendants**. This action is hereby **terminated**.

**DATED** this 8th day of May, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3